SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 22 2012
J T NOBLIN CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHARON GRAHAM & BILLY BOB GRAHAM      PLAINTIFFS

VS.      CIVIL ACTION NO. 1:12cv58H50-RHW

ALL AMERICAN CARGO ELEVATOR, LLC
& LEESON ELECTRIC CORPORATION      DEFENDANTS

## NOTICE OF REMOVAL

TO: The United States District Court for the Southern District of Mississippi:

PLEASE TAKE NOTICE that the defendant RBC Manufacturing Corporation (f/k/a Leeson Electric Corporation) (incorrectly identified in the Second Amended Complaint as Leeson Electric Corporation) ("RBC") hereby removes the action entitled *Sharon Grahm & Billy Bob Graham vs. All American Cargo Elevator, LLC and Leeson Electric Corporation*, Civil Action No. 11-0608 in the Circuit Court of Hancock County, Mississippi, ("State Court Action") to the United States District Court for the Southern District of Mississippi, Southern Division pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, and respectfully state to this Court as follows:

1. On or about January 19, 2012 in the Circuit Court of Hancock County, Mississippi, Plaintiffs filed the Second Amended Complaint and commenced its action against RBC on that date. See Plaintiffs' Second Amended Complaint Exhibit "A."

2. Plaintiffs served RBC, via mail, with a summons and complaint on or about January 27, 2012. RBC now timely removes this action pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

3. For the reasons described below, removal of this action is proper because (I) RBC has satisfied the procedural requirements for removal and (II) this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332.

I. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

4. This Notice of Removal is timely filed. 28 U.S.C. § 1446(b) explicitly states "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal" and "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(B-C). This recent amendment to of 28 U.S.C. § 1446 leaves no question that each defendant shall have thirty (30) days from service on that defendant to remove. RBC was served on or about January 27, 2012 and this removal is filed within thirty (30) days of January 27, 2012.

5. Further pursuant to the "revival exception," the complaint has been amended "so substantially as to alter the character of the action and constitute essentially a new lawsuit . . . ." *Johnson v. Hueblein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). As such, for this additional reason, RBC has thirty (30) days from the date of service to remove this case.

6. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon RBC in the state court action are attached hereto as Exhibit "B." Pursuant to Local Rule 5(b) a copy of the entire State court file is attached hereto as Exhibit "C."

7. The United States District Court for the Southern District of Mississippi, Southern Division, embraces the county in which the State Court Action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 104(b)(4) and 1441(a).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), RBC is filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon the Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPERLY BASED ON DIVERSITY JURISDICTION.

10. As set forth below, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367 and 1441 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity between the Plaintiffs and the Defendants.

### A. The Amount in Controversy Exceeds $75,000.

11. Plaintiffs' complaint seeks recovery for $2,000,000. See Second Amended Complaint at 6 Exhibit "A." Thus, the amount in controversy has been met based on the face of Plaintiffs' complaint.

### B. There Is Complete Diversity Between the Plaintiffs and the Defendants.

12. The Plaintiffs are citizens of Hancock County, Mississippi. See Complaint at ¶ 2 Exhibit "D."

13. The citizenship of a limited liability company, such as All American Elevator, LLC, is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). All American Cargo Elevator, LLC's members are citizens of Louisiana not Mississippi. Affidavit of Tom Carpenter Exhibit "E."

14. RBC is a Wisconsin corporation with its principal place of business in Wisconsin. Leeson Electric Corporation which is now RBC was also a Wisconsin corporation with its principal place of business in Wisconsin. Second Amended Complaint Exhibit "A" at page 2.

15. Accordingly, there is complete diversity of citizenship between the Plaintiffs and the Defendants.

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of RBC's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join an indispensable party, (8) statute of limitations as a bar, (9) untimely service of process, or (10) any other pertinent defense available under Miss. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

WHEREFORE, defendant RBC Manufacturing Corporation (f/k/a Leeson Electric Corporation) respectfully removes this action from the Circuit Court of Hancock County, Mississippi, bearing Civil Action No. 11-0608, to this Court, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446. The Plaintiffs are hereby notified to proceed no further in state court.

DATED this 22nd day of February, 2012.

Respectfully submitted,

RBC MANUFACTURING CORPORATION
(F/K/A LEESON ELECTRIC CORPORATION)

By: *[signature]*

MEADE W. MITCHELL, MB #9649
WILLIAM P. THOMAS MB #102209

OF COUNSEL:

Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, MS 39158-6010
(601) 948-5711
meade.mitchell@butlersnow.com
will.thomas@butlersnow.com

## CERTIFICATE OF SERVICE

I, William P. Thomas, one of the attorneys for RBC Manufacturing Corporation (f/k/a Leeson Electric Corporation) do hereby certify I have this day served a true and correct copy of this **Notice of Removal** by mailing a true and correct copy of same via First Class U.S. mail, postage prepaid, upon the following counsel of record:

Karen Ladner Ruhr
152 Main St., Ste. B
Bay St. Louis, MS 39520

CIRCUIT CLERK OF HANCOCK COUNTY

Brent M. Bickham, Esq.
P.O. Box 987
Ocean Springs, MS 39564

ATTORNEY FOR PLAINTIFFS

Thomas L. Carpenter
14231 Seaway Rd.
Building 2000, Suite 2001
Gulfport, MS 39503

ATTORNEY FOR ALL AMERICAN CARGO ELEVATOR, LLC

SO CERTIFIED this 22nd day of February, 2012.

WILLIAM P. THOMAS

Jackson 7678243v1