IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHARON GRAHAM, and**
**BILLY BOB GRAHAM** **PLAINTIFFS**

**V.** **Civil No. 1:12-cv-58-HSO-RHW**

**ALL AMERICAN CARGO ELEVATOR, and**
**LEESON ELECTRIC CORPORATION** **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE**

BEFORE THE COURT is Defendant All American Cargo Elevator, LLC's Motion *in Limine* [162]. Plaintiffs Sharon and Billy Bob Graham have filed a Response [165]. After considering the pleadings on file, the record, relevant legal authorities, and counsels' argument regarding the Motion at the Pretrial Conference, the Court finds that All American's Motion *in Limine* [162] should be granted in part and denied in part as set forth herein.

I. BACKGROUND

Defendant seeks to exclude the following at trial:

1. Any reference to liability insurance;

2. Any evidence of the net worth, financial condition, sales volume, purchase volume, or other evidence suggesting or bearing upon the financial condition, size or scope of All American's operations;

3. Any evidence which relates to or concerns punitive damages and bears upon any of the factors relevant to assessing punitive damages under Miss. Code Ann. § 11-1-65;

4. Any reference to any settlement negotiations, offers of settlement or statements made by anyone in the course of settlement negotiations;

5. Any reference to the size of the law firm representing All American or reference to specialization of All American's counsel in defending litigated cases of this kind;

6. Any reference to the fact that All American has filed this or any other motion requesting the Court to exclude any evidence at trial;

7. [A]ny references to any objections made by All American to any of the Plaintiffs' discovery requests, and any rulings on any motions, or any other references to pre-trial discovery disputes, should be excluded;

8. Calling any expert witnesses not timely and properly identified in discovery responses and in the pretrial order, or calling for testimony not produced in discovery;

9. Any questions by the Plaintiffs' attorney[s] to prospective jurors as to whether they could award a certain specified amount of damages if the evidence justified or supported it;

10. [Number 10 is omitted in Defendant's Motion [162]];

11. Evidence of any prior accidents involving his [sic] cargo elevators whether made by All American or others, or verdicts, judgments or lawsuits involving All American or others;

12. Any evidence or other references to the cost of All American's defense or the prosecution of the Plaintiffs' case, or All American's and the Plaintiff's comparative wealth or status;

13. Any evidence offered by witnesses concerning "possibilities" as unopposed [sic] to probabilities;

14. Evidence or arguments directed to [sic] suggesting that the testimony of any witness not called at trial by All American would have been unfavorable;

15. Any evidence attempted to be elicited from All American regarding subsequent remedial measures which All American may or may not have

incorporated into their cargo elevator;

16. Plaintiffs' description of the replacement elevator they purchased;

17. Billy Bob Graham should not be permitted to testify that his heart condition was aggravated by this incident.

Def.'s Mot. [162] at pp.1-8.

Plaintiffs do not oppose Requests 1, 3, 4, 6, 7, and these portions of Defendant's Motion *in Limine* will be granted as unopposed. Pls.' Resp. [165] at pp. 1-4. Defendant's remaining requests, some of which Plaintiffs do not oppose in full, are addressed below.

## II. LAW AND ANALYSIS

### A. Defendant's Request No. 2: Any evidence of the net worth, financial condition, sales volume, purchase volume, or other evidence suggesting or bearing upon the financial condition, size or scope of All American's operations

Defendant seeks the exclusion of "[a]ny evidence of the net worth, financial condition, sales volume, purchase volume, or other evidence suggesting or bearing upon the financial condition, size or scope of All American's operations[.]" Def.'s Mot. [162] at p. 3. Plaintiffs oppose Defendant's request in part, submitting "that they should be allowed to question Defendant's [sic] and their Experts on cross examination [sic] the volume of 'residential cargo elevators' sold for the years and after Hurricane Katrina. This line of questioning may have direct bearing on quality control." Pls.' Resp. [165] at p. 1.

Plaintiffs' Response does not address Defendant's request to exclude evidence regarding All American's net worth and financial condition. This portion of

Defendant's request will be granted as unopposed. The Court is of the opinion that evidence regarding Defendant's net worth and financial condition has marginal relevance, if any, since Plaintiffs' punitive damages claim has been dismissed. To the extent that such evidence could be deemed relevant, the value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403.

Plaintiffs oppose Defendant's request to exclude evidence regarding Defendant's sales and purchase volume. Plaintiffs posit that such evidence might be relevant to Plaintiffs' manufacturing defect claim. The Court will reserve ruling on this portion of Plaintiff's Motion until such time as specific evidence is offered during trial. Before offering such evidence, however, Plaintiffs' counsel must first seek permission from the Court, outside the presence of the jury.

B. <u>Defendant's Request Number 5: Any reference to the size of the law firm representing All American or reference to specialization of All American's counsel in defending litigated cases of this kind</u>

Defendant requests the exclusion of "[a]ny reference to the size of the law firm representing All American or reference to specialization of All American's counsel in defending litigated cases of this kind[.]" Def.'s Mot. [162] at p. 4. Plaintiffs submit that they "should be able to discuss the Defendant's attorneys in the offices located in this District for *Voir Dire* purposes." Pls.' Resp. [165] at p. 2.

Plaintiffs' counsel will be allowed to question the jury panel during jury selection regarding their knowledge of and association with the lawyers in defense counsel's law firm whose offices are located in this District. This portion of

Defendant's Motion *in Limine* is therefore granted in part and denied in part.

C. Defendant's Request Number 8: Calling any expert witnesses not timely and properly identified in discovery responses and in the pretrial order, or calling for testimony not produced in discovery

Defendant requests a global Order preventing Plaintiffs from "[c]alling any expert witnesses not timely and properly identified in discovery responses and in the pretrial order, or calling for testimony not produced in discovery." Defendant's request is open-ended and non-specific. Without knowing which expert Defendant is referring to or what testimony it seeks to have excluded, the Court cannot determine whether disclosure standards have been met. This portion of Defendant's Motion is therefore denied at this time with leave to reassert at trial as specific issues arise. Experts and expert testimony that were not properly disclosed during the course of discovery will, upon proper objection, not be permitted in evidence at trial, except to the extent that such evidence is proper for rebuttal or impeachment.

D. Defendant's Request Number 9: Any questions by the Plaintiffs' attorney to prospective jurors as to whether they could award a certain specified amount of damages if the evidence justified or supported it

Defendant seeks to prevent "[a]ny questions by the Plaintiffs' attorney to prospective jurors as to whether they could award a certain specified amount of damages if the evidence justified or supported it." Def.'s Mot. [162] at pp. 5-6. Defendant maintains that "[q]uestions regarding a specific amount to prospective jurors could lead the jury selected to confuse the *voir dire* questions with the evidence (or lack thereof) presented at trial. Fed. R. Evid. 403." *Id.* at p. 6.

Defendant also submits that such questioning would "require potential jurors during voir dire to weigh evidence they have not heard or to commit to render a particular verdict based upon a hypothetical set of facts." *Sells v. Thaler,* Civil No. SA-08-CA-465-OG, 2012 WL 2562666, *28 (W.D. Tex. June 28, 2012). Plaintiffs oppose the request "as to the damages being disclosed, which are the medical providers expense as allowed under Mississippi Code 41-9-119." Pls.' Resp. [165] at p. 3.

The purpose of voir dire is to discern bias or prejudice in prospective jurors. *Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 257-58 (5th Cir. 1985). Questions by counsel during voir dire should further this purpose. *Id.* at 258. Questioning which, in effect, asks prospective jurors to weigh evidence that they have not heard is improper because it seeks a commitment from the prospective jurors which may interfere with their ability to fairly consider the evidence. *United States v. Fambro,* 526 F.3d 836, 847 (5th Cir. 2008); *Sandidge,* 764 F.2d at 257. It is thus generally held that, although attorneys may pursue questions intended to probe potential jurors' bias or prejudice towards matters connected to the case, "they should not ask questions which tend to stake out or pin down a juror as to what his or her decision would be under a given set of facts." Ted A. Donner & Richard K. Gabriel, *Jury Selection Strategy and Science* §18.2 (3d ed. 2000).

This portion of Defendant's Motion *in Limine* will be granted. Plaintiffs' counsel will be permitted to ask prospective jurors general questions calculated to

determine their attitudes towards lawsuits and awarding damages in accordance with the law but should refrain from asking questions referencing a specific amount of damages. Counsel for all parties are cautioned to avoid voir dire questions referencing specific facts or evidence.

E. Defendant's Request Number 11: Evidence of any prior accidents involving his [sic] cargo elevators whether made by All American or others, or verdicts, judgments or lawsuits involving All American or others

Defendant requests the exclusion of "[e]vidence of any prior accidents involving his [sic] cargo elevators whether made by All American or others, or verdicts, judgments or lawsuits involving All American or others." Def.'s Mot. [162] at p. 6. Defendant submits that Plaintiffs have "made no showing or discovery production that there were any substantially similar accidents to this accident, or that All American knew of the existence of any such substantially similar accidents." *Id.* Plaintiffs oppose this portion of Defendant's Motion *in Limine* and maintain that "Plaintiff's Expert stated that his opinion was partly based on his examination of an almost identical unit in his preliminary report." Pls.' Resp. [165] at p. 3. The Report of Plaintiff's specially retained engineering expert, A.J. McPhate, provides that "[t]his analysis and report are based [sic] information obtained from . . . [e]xperience with previous installations and failures of almost identical machinery." Report [148-1] at p. 2.

McPhate will not be allowed to testify regarding prior incidents he deems "almost identical" because his Report does not identify these purportedly similar prior incidents. Fed. R. Civ. P. 37(c)(1). Plaintiffs' Response to Defendant's Motion

*in Limine* also does not identify such incidents, nor have Plaintiffs established that, if such evidence does exist, it was properly disclosed during discovery. Evidence pertaining to other incidents must be "substantially similar" in order to be probative of product defect and "reasonably similar" to establish notice. *Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993). Defendant notes this restriction in its Motion *in Limine*, and Plaintiffs have not addressed or attempted to establish that these requirements can be met. Even if met, "the district court has broad discretion to exclude such evidence under Rule 403 of the Federal Rules of Evidence." *Id.* at 580. This portion of Defendant's Motion *in Limine* will be granted.

F. Defendant's Request Number 12: Any evidence or other references to the cost of All American's defense or the prosecution of the Plaintiffs' case, or All American's and the Plaintiff's comparative wealth or status

Defendant requests exclusion of "[a]ny evidence or other references to the cost of All American's defense or the prosecution of the Plaintiffs' case, or All American's and the Plaintiff's comparative wealth or status." Def.'s Mot. [162] at p. 6. Plaintiffs agree except to the extent that the jury should be allowed to "hear the expenses of the respective expert witnesses." Pls.' Resp. [165] at p. 3. This portion of Defendant's Motion *in Limine* is granted in part and denied in part. The request is denied in part in that the parties may question the expert witnesses regarding the fees that they have been paid and expenses that they have incurred to participate in this litigation.

G. Defendant's Request Number 13: Any evidence offered by witnesses concerning "possibilities" as unopposed [sic] to probabilities

Defendant requests exclusion of "[a]ny evidence offered by witnesses concerning 'possibilities' as unopposed [sic] to probabilities." Def.'s Mot. [162] at p. 6. Defendant's request appears to be directed towards the testimony of experts, and Plaintiffs agree to the request "assuming the reference is to expert witnesses." Pls.' Resp. [165] at p. 4. This portion of Defendant's Motion *in Limine* is granted as unopposed.

H. Defendant's Request Number 14: Evidence or arguments directed to [sic] suggesting that the testimony of any witness not called at trial by All American would have been unfavorable

Defendant contends that "[n]o adverse inferences should be suggested to the jury on the basis of any witness not being called at trial to testify by the defense." Def.'s Mot. [162] at p. 7. Plaintiffs maintain that they should, during closing argument, be allowed to comment on the fact that Defendant has not retained an expert who will testify as to why the elevator's gear shaft broke. Pls.' Resp. [165] at p. 4. Plaintiffs submit that they should be allowed to argue in closing that their expert's opinion regarding this issue has not been rebutted. *Id.* Such comment and argument may well be proper during closing statements; however, the issue is premature for determination at this point. This portion of Defendant's Motion *in Limine* is denied without prejudice.

I. Defendant's Request No. 15: Any evidence attempted to be elicited from All American regarding subsequent remedial measures which All American may or may not have incorporated into their cargo elevator

Defendant requests exclusion of "[a]ny evidence attempted to be elicited from All American regarding subsequent remedial measures which All American may or may not have incorporated into their cargo elevator." Def.'s Mot. [162] at p. 7. Plaintiffs "agree[] except that Plaintiff's [sic] should be able to question All American representatives or their Expert regarding 'reasonable alternative design' not specifically related to any subsequent remedial measure they may have employed, post-accident." Pls.' Resp. [165] at p. 4.

Rule 407 of the Federal Rules of Evidence provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or - if disputed - proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

To prevail on a design defect claim under the Mississippi Products Liability Act, a plaintiff must establish that a product failed to function as expected and that there existed a feasible design alternative that would have in reasonable probability prevented the harm. Miss. Code Ann. § 11-1-63(f)(ii). Since feasibility is a

contested issue in this case, Rule 407's feasibility exception may apply to evidence offered by Plaintiffs at trial. The Court will reserve ruling on this portion of Defendant's Motion until such time as specific evidence is offered at trial. Before offering such evidence, Plaintiffs' counsel must first seek permission from the Court, outside the presence of the jury.

J. Defendant's Request No. 16: Plaintiffs' description of the replacement elevator they purchased

Defendant requests exclusion of "Plaintiffs' description of the replacement elevator they purchased." Def.'s Mot. [162] at p. 7. Defendant anticipates that Plaintiffs "will attempt to discuss [their new elevator's] features in general, and why it is more safe in particular." *Id.* at p. 7. Defendant objects to such testimony, maintaining that it "would extend into expert testimony on opinion as to why this product is better than All American's . . . ." *Id.* at p. 8. Plaintiff opposes this portion of Defendant's Motion and contends that "Plaintiffs should be allowed to talk about their new elevator, safety devices and its cost." Pls.' Resp. [165] at p. 4.

Federal Rule of Evidence 701(c) provides that lay witnesses may not offer opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Accordingly, Plaintiffs may testify that they purchased a replacement elevator and disclose its cost, but may not testify regarding the replacement elevator's safety features, unless proper for rebuttal or impeachment. This portion of Defendant's Motion *in Limine* will be granted in part and denied in part.

K. Defendant's Request No. 17: Billy Bob Graham should not be permitted to testify that his heart condition was aggravated by this incident

Defendant anticipates that Mr. Graham "will testify about the emotional and physical effect of caring for his spouse, Sharon Graham." Def.'s Mot. [162] at p. 8. Defendant submits that "Mr. Graham should not be allowed to testify to specific medical conditions his wife's injuries have either begun or aggravated" because such an opinion must be supported by expert testimony. *Id.*

Plaintiffs acknowledge that they have not tendered a medical expert who will opine that Mr. Graham's heart condition was aggravated because of Sharon Graham's injuries. Because expert testimony is generally required to support medical causation and would be required here, Mr. Graham may not testify that his heart condition began or was aggravated by the emotional and physical effects of caring for Ms. Graham after she was injured. This portion of Defendant's Motion *in Limine* will be granted. The Court notes, however, that Mr. Graham is asserting a loss of consortium claim, and according to counsel, suffered a heart attack after Ms. Graham was injured. Mr. Graham may disclose to the jury that he has a heart condition and testify regarding how Ms. Graham's injuries affected her ability to care for him after his heart attack.

## III. CONCLUSION

Defendant's Motion *in Limine* [162] should be granted in part and denied in part as stated within. Counsel are instructed to inform their witnesses of the Court's rulings and their obligations to abide by the limitations set forth in this

Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant All American Cargo Elevator, LLC's Motion *in Limine* [162] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED,** this the 11th day of October, 2013.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE